IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RACHADIA DUNN and
DECOLEIS DUNN-HARRIS, a minor,

    Plaintiffs,

v.

    Case No. 3:25-CV-00228-NJR

CITY OF MT. VERNON,
MOUNT VERNON POLICE
DEPARTMENT, JUSTIN OSBORN,
ERIC DIRNBACH, and LISA (DOE),

    Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Rachadia Dunn, proceeding *pro se*, filed this action on behalf of herself and her minor son against the City of Mount Vernon, Illinois, the Mount Vernon Police Department, police officer Justin Osborn, Second Judicial Circuit Judge Eric Dirnbach from Jefferson County, Illinois, and an assistant with the Jefferson County States Attorney's Office identified only as "Lisa (Doe)." (Doc. 1). Her allegations relate to the detention and arrest of her minor son in January 2024. (*Id.* at p. 5).

    This matter is now before the Court on Dunn's Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 3). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees

or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Dunn's affidavit that she is indigent. While Dunn indicates that she works and earns $950.00 bi-monthly, she reports $1,760.00 in monthly rent, utilities, and transportation costs. (Doc. 3). As for assets, Dunn reports $150.00 in her bank account, with no other financial instruments or items of value she owns. (*Id.*). Dunn claims that she is responsible for two dependent children. (*Id.*). She does not list any debts or financial obligations. (*Id.*). Based on the provided financial information, the Court finds that Dunn is indigent under 28 U.S.C. § 1915(a)(1), and thus, her Motion for Leave to Proceed IFP (Doc. 3) is granted.

Because Dunn has been permitted to proceed without prepayment of the filing fee, the Court must now screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, the next step is to examine the allegations in Dunn's Complaint.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the

plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Dunn's Complaint states that her minor son was detained, arrested, and charged with murder in January 2024. (Doc. 1, p. 5). As the minor's mother, Dunn contends she should have been notified as soon as possible due to the seriousness of the charges. (*Id.*). But she was not given notice for three or four hours. (*Id.*). Dunn also claims that she often received misleading information as to the circumstances of her son's case, upcoming court dates, and his place of incarceration. (*Id.*). She asserts that she was never notified when her son was moved from one facility to another. (*Id.*). According to Dunn, at one point, her son had to sleep on the floor and was placed in an adult facility. (*Id.*).

There are only two allegations of a defendant's specific conduct. First, when Dunn sought information about her son's court appearances, she describes that an employee of the State attorney's office named Lisa said, "We don't have to tell you nothing," after which she laughed. (*Id.*). Second, during her son's initial appearance in court, Dunn states that Judge Eric Dirnbach inappropriately asked her if she even knew the identity of her son's father. (*Id.*). This interaction humiliated her. (*Id.*).

In general, Dunn accuses the Mount Vernon Police Department of failing to protect her son's rights in allowing him to be questioned by hospital staff about the circumstances that led him to being there. (*Id.*). Dunn avers that Defendants have violated her and her son's constitutional rights subjecting her to cruel and unusual punishment under the Eighth Amendment due to deliberate indifference. (*Id.*). She seeks compensatory and punitive damages, along with $2,000,000 for pain and suffering. (*Id.* at p. 6).

The factual allegations in Dunn's Complaint are insufficient and fail to state a claim upon which relief can be granted. Without directly stating so, she appears to invoke the Court's federal question jurisdiction for infringement of her constitutional rights under 42 U.S.C. § 1983. She briefly references the Eighth Amendment, cruel and unusual punishment, and deliberate indifference, but her allegations clearly cannot support such a claim. "The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Dunn has not been subject to any kind of state sanctioned punishment, so her Eighth Amendment claim is baseless. To the extent she claims a violation of her son's rights, the Eighth Amendment likewise does not apply to pretrial detainees or for incidents that occur after arrest but before criminal conviction. *Pittman by and through Hamilton v. Madison County, Ill.*, 108 F.4th 561, 566 (7th Cir. 2024) ("Pretrial detainees (unlike convicted prisoners) cannot be punished at all, so the Eighth Amendment's punishment model is inappropriate for them. Instead, they are protected from certain abusive conditions by the Fourteenth Amendment's Due Process Clause." (cleaned up)).

Aside from mentioning the Eighth Amendment, Dunn does not directly invoke any

other rights or causes of action. At best, Dunn may be attempting to describe a deprivation of her due process rights under the Fourteenth Amendment regarding her parental rights with the arrest of her minor child. Procedural due process requires a two-fold inquiry: (1) whether the plaintiff was deprived of a protected interest and (2) what process is due. *Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004). Typically, procedural due process involves notice and an opportunity to be heard. *Id.* And substantive due process protects against only the most egregious and outrageous government action where the government violated a fundamental right or liberty in an arbitrary or irrational manner. *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019).

But without more, it is impossible for the Court to determine whether Dunn is entitled to any relief under the Fourteenth Amendment. The alleged conduct is generalized and lacks supporting factual details to explain what happened, what process, if any, was due, or what government action violated which of her fundamental rights. Some of the statements in the complaint are also conclusory, such as "the Mount Vernon Police Department fail[ed] to protect my son's rights when allowed to be questioned by hospital staff etc., about the circumstances that led him to being there." These types of statements do not form a claim against the Mount Vernon Police Department. Additionally, Dunn fails to mention any specific conduct by Officer Justin Osborn or any policy or practice employed by the City of Mount Vernon.

Even the more specific facts alleged do not state a due process violation in and of themselves. For example, Dunn states that her son was detained and arrested, but police did not notify her for three to four hours. This alone, however, does not state a claim for a deprivation of her due process rights. *See, e.g., Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996)

("neither federal statutory nor constitutional law requires that a juvenile's parents be notified prior to obtaining a confession"); *Bergren v. City of Milwaukee*, 811 F.2d 1139, 1144 (7th Cir. 1987) (explaining that a parent's right to the custody of a minor child is constitutionally protected, but the state may take a minor into custody when it has probable cause to believe the minor has committed a crime and, further, may invoke its role as *parens patriae* to detain a juvenile when necessary to protect the minor and society from the risk of pre-trial crime). As alleged, this few-hour delay, in and of itself, does not substantiate a claim for a constitutional violation. The Court cannot be sure, but Dunn may be attempting to describe a violation of Illinois state law related to the arrest of minors, 705 ILCS 405/5-405, which requires officers to immediately make a reasonable attempt to notify a parent. Even if so, a failure to adhere to this Illinois statute does not amount to a constitutional violation. *See Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability.")

Another specific fact alleged is that Lisa from the State attorney's office rudely withheld information from Dunn and laughed at her. Again, this conduct alone does not rise to the level of a constitutional violation. Similarly, Dunn claims that Judge Eric Dirnbach humiliated her during a court proceeding by asking her if she knew the identity of her son's father. This comment may reasonably be seen as derogatory and offensive, but also does not substantiate any constitutional claim. Furthermore, Judge Dirnbach is afforded absolute judicial immunity for past judicial acts regarding matters within his jurisdiction. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Instead, a judge is only subject to

liability when he or she has acted in the absence of all jurisdiction. *Id*. The allegations in the Complaint relate to Judge Dirnbach's actions and statements during a formal hearing, which is subject to judicial immunity. As such, the Court dismisses the claims against Judge Dirnbach with prejudice due to judicial immunity.

Overall, the Complaint as it stands is vague and lacks enough specific factual allegations to state a claim for relief. Plaintiff Rachadia Dunn's Motion for Leave to Proceed in forma pauperis (Doc. 3) is **GRANTED**. But for the reasons outlined above, Dunn's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

If she can reasonably do so, Dunn is permitted to amend her Complaint. The Court encourages her to thoroughly review the resources for *pro se* litigants, available at https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court urges Dunn to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court. If Dunn chooses to amend her Complaint, she must do so on or before **July 16, 2025**. She may not reassert her claims against Judge Dirnbach that were dismissed with prejudice. Failure to file an amended complaint by the deadline will result in the dismissal of this action.

The Court also **DENIES as moot** the Motion for Service of Process at Government Expense (Doc. 4). The motion is denied without prejudice, meaning that if Dunn chooses to amend her Complaint she may refile a similar motion at that time.

IT IS SO ORDERED.

DATED:   June 16, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**